**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**LARRY S. BOLING (# R3570)**                                    **PLAINTIFF**

**v.**                                                                    **No. 4:08CV13-A-A**

**LAWYER ROSS, ET AL.**                                          **DEFENDANTS**

### REPORT AND RECOMMENDATION

On April 16, 2008, plaintiff Larry S. Boling appeared before the undersigned for a
hearing under *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985) to determine whether a
justiciable basis exists a justiciable basis for his claim filed under 42 U.S.C. § 1983.  The
plaintiff was incarcerated when he filed this lawsuit; thus, his claims are governed by the Prison
Litigation Reform Act.[1]  Boling is an inmate in the custody of the Mississippi Department of
Corrections and currently housed at the Wilkinson County Correctional Facility.  He claims that
when he was housed at the Mississippi State Penitentiary, the defendants used excessive force
against him, denied him medical care, and refused to give him water while he worked hoeing
corn in a hot field.

### Factual Allegations

On April 17, 2006, at about 2:00 p.m., the plaintiff, an asthmatic, became overheated and
dehydrated while working in the hot sun in Field Operations at the Mississippi State
Penitentiary.  As the inmates hoed rows of corn, the inmate handling the rolling water cooler
moved back and forth at one end of the rows and gave water to the field hands as they hoed.  The
plaintiff had overheated, slowed down, and could not reach the end of each row in time to get a

---

[1]28 U.S.C. § 1915(g).

drink of water. Because of this repeating pattern, he had worked quite a while in the heat with no water. He told defendant Erline Carson about his trouble and that he needed drinking water. Carson told the plaintiff to leave the field and stand on the "high rise"[2] (which was also in the sun) for the remainder of the day. Upon arriving at the high rise, the plaintiff asked defendant Lawyer Ross, the armed guard at the high rise, if he could get some water from the cart. Another inmate arrived at the high rise and began talking to defendant Lawyer Ross. The conversation angered Ross, who chambered a round in his mini 14 rifle, shoved the barrel of the rifle into the stomach of the other inmate and told him to lie down. The inmate refused several times, and Boling urged him to obey. Ross then took aim at Boling and ordered him to the ground. He then kicked the plaintiff once on each shoulder then in the jaw, leaving a bruise on the plaintiff's jaw and a cut in the plaintiff's mouth where his teeth cut into his gums. Boling obeyed Ross' order – and did not resist the attack. Then the inmate pushing the water cooler saw Boling and the other inmate on the ground and asked Boling if he was okay. Ross ordered that inmate to join the first two on the ground on the high rise. At this point, defendant Erline Carson shouted to Ross to stop because Lt. Graham, a supervisor, was approaching.

About ten minutes later, Lt. Rouch took the rifle from Ross and told Boling that he was lucky. Rouch then escorted Boling back to Unit 29. His mouth was bleeding from the attack. He asked to go to medical and to speak to someone in Internal Affairs Division to report the assault and the erratic behavior of Lt. Ross. The plaintiff received medical attention near midnight – and overheard other inmates at the clinic discussing previous incidents in which Lt.

_____

[2]The "high rise" is the area reserved for inmates who refuse to work and is manned by an armed guard, in this case, defendant Lt. Lawyer Ross.

-2-

Lawyer Ross had been disciplined for assaulting other inmates.

Boling received three rule violation reports near the time of the incident: one involving shouting across the fence on the way out of his housing unit on the morning before the incident, one involving the incident itself, and a third for failure to stand count. Upon appeal, the latter two were dismissed and stricken from the plaintiff's institutional record. The plaintiff was found guilty of shouting across the fence, however – an offense for which he spent twenty days in lockdown. Internal Affairs interviewed him three weeks after the incident. A few days later, he was called to the office of Warden Brewer and told him about the incident. That same night the plaintiff and nearly a busload of other inmates were transferred to the Wilkinson County Correctional Facility, where the plaintiff remains.

## Discussion

Boling alleges that defendant Corrections Officer Erline Carson did not give him water when he was exhausted and becoming dehydrated. He did not, however, allege that Carson's actions caused him any injury; as such, the undersigned respectfully recommends that Boling's claims against defendant Carson be dismissed for failure to state a claim upon which relief could be granted. In addition, the undersigned recommends that process issue for defendants Lt. Lawyer Ross and Warden Brewer.

## Handling of Objections, Acknowledgment of Receipt

The court refers the parties to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections must be in writing and must be filed within ten (10) days of this date, and "a party's failure to file written objections to the findings, conclusions, and

recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.Ct. 1163, 130 L. Ed. 1119 (1995).

The plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within ten (10) days of this date. The plaintiff is warned that failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.

Respectfully submitted this 12th day of November, 2009.


/s/   S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE