**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

LARRY S. BOLING                                                                        PLAINTIFF

v.                                                                                          No. 4:08CV13-A-A

LT. LAWYER ROSS, ET AL.                                                            DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Larry S. Boling,

who challenges the conditions of his confinement under 42 U.S.C. § 1983.  For the purposes of

the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed

this suit.  Boling claims that defendant Lawyer Ross used excessive force against him while he

was working in the fields and that defendant Warden James Brewer discussed the incident with

Boling a few days after the incident.  Brewer has moved for summary judgment.  Boling has not

responded to the motion, and the deadline for response has expired.  For the reasons set forth

below, Brewer's motion for summary judgment will be granted and judgment entered for him.

**Factual Allegations[1]**

On April 17, 2006, at about 2:00 p.m., the plaintiff, an asthmatic, became

overheated and dehydrated while working in the hot sun in Field Operations at the Mississippi

State Penitentiary.  As the inmates hoed rows of corn, the inmate handling the rolling water

cooler moved back and forth at one end of the rows and gave water to the field hands as they

hoed.  The plaintiff had overheated, slowed down, and could not reach the end of each row in

---

[1]In the interest of continuity, the factual allegations in this memorandum opinion have
been taken verbatim from the Magistrate Judge's November 12, 2009, Report and
Recommendation.

time to get a drink of water.  Because of this repeating pattern, he had worked quite a while in the heat with no water.  He told defendant Erline Carson about his trouble and that he needed drinking water.  Carson told the plaintiff to leave the field and stand on the "high rise"[2] (which was also in the sun) for the remainder of the day.  Upon arriving at the high rise, the plaintiff asked defendant Lawyer Ross, the armed guard at the high rise, if he could get some water from the cart.  Another inmate arrived at the high rise and began talking to defendant Lawyer Ross.  The conversation angered Ross, who chambered a round in his mini 14 rifle, shoved the barrel of the rifle into the stomach of the other inmate and told him to lie down.  The inmate refused several times, and Boling urged him to obey.  Ross then took aim at Boling and ordered him to the ground.  He then kicked the plaintiff once on each shoulder then in the jaw, leaving a bruise on the plaintiff's jaw and a cut in the plaintiff's mouth where his teeth cut into his gums.  Boling obeyed Ross' order – and did not resist the attack.  Then the inmate pushing the water cooler saw Boling and the other inmate on the ground and asked Boling if he was okay.  Ross ordered that inmate to join the first two on the ground on the high rise.  At this point, defendant Erline Carson shouted to Ross to stop because Lt. Graham, a supervisor, was approaching.

About ten minutes later, Lt. Rouch took the rifle from Ross and told Boling that he was lucky.  Rouch then escorted Boling back to Unit 29.  His mouth was bleeding from the attack.  He asked to go to medical and to speak to someone in Internal Affairs Division to report the assault and the erratic behavior of Lt. Ross.  The plaintiff received medical attention near midnight – and overheard other inmates at the clinic discussing previous incidents in which Lt.

---

[2]The "high rise" is the area reserved for inmates who refuse to work and is manned by an armed guard, in this case, defendant Lt. Lawyer Ross.

Lawyer Ross had been disciplined for assaulting other inmates.

Boling received three rule violation reports near the time of the incident: one involving shouting across the fence on the way out of his housing unit on the morning before the incident, one involving the incident itself, and a third for failure to stand count. Upon appeal, the latter two were dismissed and stricken from the plaintiff's institutional record. The plaintiff was found guilty of shouting across the fence, however – an offense for which he spent twenty days in lockdown. Internal Affairs interviewed him three weeks after the incident. A few days later, he was called to the office of Warden Brewer and told him about the incident. That same night the plaintiff and nearly a busload of other inmates were transferred to the Wilkinson County Correctional Facility, where the plaintiff remains.

## Discussion

Warden James Brewer's entire involvement in this matter was his discussion of the events with Boling several days *after* the incident. As Brewer's involvement occurred after the incident, he did not precipitate it, and Boling's claims against him must be dismissed. Further, to the extent that Boling seeks to impose liability upon Brewer in his role as a supervisor, that claim must fail. Section 1983 liability cannot be predicated upon a *respondeat superior* theory. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). For a plaintiff to state a viable cause of action under § 1983, he must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). Boling does not allege that Warden James Brewer had any personal involvement or was causally connected to the incident in any way. As such, Warden James

Brewer's motion for summary judgment will be granted, and the plaintiff's claims against defendant Brewer will be dismissed for failure to state a constitutional question. A judgment consistent with this memorandum opinion will issue today.

**SO ORDERED,** this the 19th day of May, 2010.

 **/s/ Sharion Aycock**
**U.S. DISTRICT JUDGE**